Melvin SOKOL and Helen Sokol, Appellants,

v.

Edward W. HILL and Helen Pauline Hill,
Respondents.

No. 22717.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1958.

Irving Achtenberg, Kansas City, for appellant.

George V. Aylward, Edward F. Aylward, William B. Teasdale, Kansas City, for respondents.

SPERRY, Commissioner.

This is a suit by plaintiffs, Mr. and Mrs. Sokol, husband and wife, to recover from defendants, husband and wife, the sum of $500 cash, paid by plaintiffs as a deposit in connection with a written offer to purchase certain real estate. Plaintiffs later refused to go forward with the purchase contract and brought this suit. The case was tried to the court and, from a judgment for defendants, plaintiffs have appealed.

Mrs. Sokol's testimony is to the effect that plaintiff saw a newspaper advertisement offering a house for sale, located at 1116 East 18th Street; that the advertisement gave the name of Charles Nash; that they called Mr. Nash and made an appointment to meet him at the house; that they went to the house in the evening and were admitted by Mr. Hill; that Mr. Nash, who is a real estate broker, arrived shortly; that Mr. Nash showed the property; that they did not talk to defendants about the property.

She further testified to the effect that, a few days later, on March 10, 1955, plaintiffs signed an "Offer and Acceptance" to purchase the property for the sum of $15,500, and delivered their check, in the amount of $500, as earnest money, payable to Mr. Nash, as agent. The "Offer and Acceptance" was in evidence. The signature of plaintiffs is dated March 10, which according to the testimony was on a Thursday. The signature of defendants, was dated March 12, which was on a Saturday. By the terms of the instrument plaintiffs agreed to give defendants three days in which to accept.

Mrs. Sokol stated that plaintiffs learned that there was a move to install city sewers in the area where the house was located,

which would add materially to the cost of the property; that she called Mr. Nash on Saturday morning, the 12th, and told him that plaintiffs withdrew their offer to purchase and demanded return of the check. There was a registered letter in evidence, written by plaintiffs' attorney, dated March 14th, formally withdrawing plaintiffs' offer and demanding return of the check. The letter was receipted for by Mrs. Hill on March 15th. The check was cashed by Nash on March 14th.

Mr. Nash was originally included as a party defendant in the suit but no service was had on him and the action was dismissed as to him. He did not testify in the case. Mrs. Sokol stated that Mr. Nash presented to plaintiffs the "Offer and Acceptance," signed by defendants, on March 15th, together with a long form contract covering the proposed purchase but that plaintiffs did not sign the latter instrument.

Mr. Hill testified to the effect that defendants "listed" this house with Mr. Nash for sale; that plaintiffs came to the home one evening to see the house and he invited them in; that Mr. Nash appeared shortly thereafter and that he and Mrs. Hill left; that he signed the "Offer and Acceptance" on Friday, March 11th; that he did not know why the date of his signature was shown as March 12th; that he had not received any part of the proceeds of the check, but that he claimed same.

Mrs. Hill's testimony was to the effect that she signed the "Offer and Acceptance" at the same time as did Mr. Hill. She did not talk to plaintiffs about the transaction.

Plaintiffs contend that the court erred in rendering judgment for defendants because the undisputed evidence is to the effect that plaintiffs' offer to purchase was withdrawn before defendants' acceptance was communicated to them.

■ In Robinson v. St. Louis, Kansas City & Northern Railway Co., 75 Mo. 494, 498, it was said: "A binding contract can only occur when the offer made is met by an acceptance which corresponds with the offer made in every particular. There is no contract until acceptance of the offer by the party receiving it, is in some way, actually or constructively, communicated to the party making the offer." To the same effect see Thacker v. Massman Construction Company, Mo., 247 S.W.2d 623, 629; 17 C.J.S. Contracts § 45, p. 385. Communication of acceptance of a contract, to the agent of the offeree, is not binding on the offeror. Horton v. New York Life Insurance Company, 151 Mo. 604, 620, 52 S.W. 356; 17 C.J.S. Contracts § 45. The offeror can revoke or withdraw his offer at any time before acceptance and communication of that fact to him, even though he may have agreed (without consideration) to hold the offer open for a specified time. Gillen v. Bayfield, 329 Mo. 681, 46 S.W.2d 571, 575; State Highway Department of Georgia v. MacDougald Construction Company, 54 Ga.App. 310, 187 S.E. 734, 735; Sooy v. Winter, 188 Mo.App. 150, 153 et seq., 175 S.W. 132; 17 C.J.S. Contracts § 50, p. 396.

■ Mrs. Sokol testified to the effect that she told Nash, defendants' agent, on the morning of the 12th, that she withdrew the offer. There is no evidence tending to prove that defendants ever informed plaintiffs of their acceptance of the offer until the 15th. Concededly, defendants did not personally notify plaintiffs of their acceptance. All they did was to deliver the written acceptance to their agent, Nash. Nash was not offered as a witness. The weight of the evidence, the only testimony on the point, is that plaintiffs withdrew their offer before defendants' acceptance of same was communicated to plaintiffs. Therefore, no binding contract ever came into existence and plaintiffs are entitled to have their $500 deposit returned.

The judgment should be reversed and the cause remanded with instructions to vacate the judgment for defendants and enter up a judgment for plaintiffs in the amount of $500, with interest thereon from March 15, 1955.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded with instructions to vacate the judgment for defendants and enter up a judgment for plaintiffs in the amount of $500, with interest thereon from March 15, 1955.

All concur.