Brett MARSHALL,
Plaintiff/Respondent,

v.

Thomas V. EDLIN and Gary Edlin,
Defendants/Appellants.

No. WD 35468.

Missouri Court of Appeals,
Western District.

April 30, 1985.

Abe Shafer, Kansas City, for defendants-appellants.

Edward F. Ford, Kansas City, for plaintiff-respondent.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

NUGENT, Judge.

Defendants Thomas and Gary Edlin appeal from a verdict and judgment in plaintiff Brett Marshall's favor for breach of a bilateral oral contract to harvest defendants' crop. Defendants contend that the verdict was against the weight of the evidence and was not supported by sufficient evidence and that the court erred in instructing the jury. We affirm.

Plaintiff and defendants are farmers, but plaintiff does not own his own property; he owns farm equipment and hires out to do custom farm work, including combining. He regularly advertises in the local newspaper for such custom work. Defendants own their own farm and have engaged plaintiff's services in the past.

This controversy arises out of plaintiff's claim that defendants committed a breach of an oral contract in which they hired plaintiff to combine their fall crop. Plaintiff testified that in April of 1982 the parties orally agreed that when the fall crop was ready he would harvest it at a price of $20.00 per acre. Plaintiff owns his own combine and the contract price included his costs. He was familiar with the fields to be combined, and both parties were aware that October would be the probable prime month for harvesting.

Defendants testified that they told plaintiff, "You've got the job, unless we tell you different." Plaintiff contradicted this and testified that the parties made a firm and unequivocal agreement concerning the combining and that he checked with the Edlins almost weekly about the agreement.

On September 20, 1982, just before the fall crop was ready, defendants informed plaintiff that they were going to rent a combine and do the work themselves. Plaintiff offered to lower his price by two dollars an acre, but defendants declined and went on to harvest their crop in October, combining a total of 450 acres. During October, plaintiff was able to combine 150 acres for two other farmers whose work he had previously turned down because of his prior commitment to defendants.

In November of 1982, plaintiff filed an action against defendants for breach of their oral agreement. The case was tried to a jury and was submitted on plaintiff's verdict director, a modification of M.A.I. 26.06. The court refused defendants' request to define the term "agreement" as used in the instruction. The jury returned a verdict in plaintiff's favor, awarding him $4,350 in damages, and the court entered judgment accordingly.

■ Defendants' first point on appeal asserts that the jury's finding that the parties entered into a binding contract is against the weight of the evidence and is not supported by sufficient evidence, and, therefore, the trial court erred in not directing a verdict in their favor. The determination of whether a verdict is against the weight of the evidence is within the exclusive province of the trial court; on appeal this court does not weigh the evidence but determines whether sufficient evidence supports the verdict. *Affiliated Foods, Inc. v. Strautman,* 656 S.W.2d 753, 763 (Mo.App.1983). We must consider the evidence here in the light most favorable to plaintiff, giving him the benefit of all reasonable inference and disregarding defendants' evidence except as it may support the verdict. *Id.*

■ Defendants' major contention is that they did not make a binding promise to the plaintiff because their promise was conditional in that they told Mr. Marshall that he had the job unless they told him differently. He testified that the agreement was firm and that they did not condition the agreement as claimed. Defendants rest their argument on their version of the events, which, at best, presents a conflict in the evidence. The jury had to decide which version to believe, a simple question of credibility and a decision to be made only by the jury. *Thayer v. Sommer,* 356 S.W.2d 72, 77–78 (Mo.1962). Plaintiff's tes-

timony on this point is sufficient evidence to support the verdict.

■ Defendants point to several other factors which they claim show that no binding agreement was reached. First, they argue that the terms of the agreement were too uncertain and indefinite to constitute a binding contract. To be binding, an agreement must be sufficiently definite to enable a court to give it an exact meaning. *Brown v. Childers*, 254 S.W.2d 275, 280 (Mo.App.1953). Defendants claim that the agreement was indefinite as to the work to be done, the terms of the job and the starting date. The evidence was sufficient to show, however, that the parties had agreed that the plaintiff would combine defendants' entire fall crop with his equipment for twenty dollars per acre, the anticipated starting date to be in October. The Edlins ended up harvesting their crop in October. Any indefiniteness in the terms was due to the nature of the work to be performed. An exact starting date could not be precisely agreed upon because weather and other natural forces would affect the crops and the ground for harvesting. The exact number of acres to be harvested could not be determined beforehand because weather conditions would to some extent determine the number of harvestable acres, but the parties knew that 470 acres would be planted. Ultimately, the defendants themselves combined 450 acres, twenty acres having been destroyed by severe rains. All things considered, the terms of the agreement were as definite as the nature of the work would permit.

■ Next, defendants contend that the local custom is that an agreement to combine is not certain and binding until the custom worker actually begins the harvesting. Plaintiff testified that he was not aware of such a custom, and an examination of the record reveals that defendants presented little, if any, evidence on this point. Whatever evidence was presented by defendants on this question was flatly contradicted by plaintiff's testimony which was sufficient to take the question to the jury. The jury's verdict resolved any conflict in the evidence in favor of plaintiff.

■ The Edlins also argue that the agreement was not supported by consideration. The evidence, if believed, establishes, however, that the parties entered into a bilateral contract, plaintiff promising to combine defendants' crop, defendants promising to pay him for his work. Thus, the evidence shows that mutual promises were made entailing both benefit and detriment to the respective parties. Either benefit to the promisor or detriment to the promisee is sufficient to constitute consideration. *Allied Disposal, Inc. v. Bob's Home Service, Inc.*, 595 S.W.2d 417, 419 (Mo.App.1980).

■ Defendants next assert that plaintiff's offer to reduce his price is evidence that the parties did not consider the agreement binding. Giving him the benefit of all reasonable inferences, plaintiff's offer is more an offer to modify the contract or an attempt to mitigate his damage than evidence of a lack of agreement.

The Edlins also contend that plaintiff's advertising of his services shows that the agreement was not binding. This argument ignores the fact that plaintiff's livelihood was derived at least in part from his custom work. We cannot see how his effort to acquire additional business evidences a lack of agreement in this case.

■ The Edlins go on to argue that plaintiff's damage is not shown with sufficient certainty. Defendants' own expert witness testified that the cost of combining was $5.50 per acre. Defendants harvested 450 acres, and plaintiff combined 150 acres for other farmers in mitigation. His damage was $14.50 per acre, which multiplied by 300 acres equals the exact amount of the award, $4,350.00. Defendants' argument here is frivolous.

■ Defendants also argue that they had a right to revoke the agreement. They cite in support *Rodgers v. Rodgers*, 505 S.W.2d 138 (Mo.App.1974), and *Sokol v. Hill*, 310 S.W.2d 19 (Mo.App.1958). Both cases stand for the principle that an offeror

can revoke an offer before the offeree has communicated to the offeror his acceptance. *Rodgers v. Rodgers, supra,* at 144; *Sokol v. Hill, supra,* at 20. The record is totally devoid of evidence that plaintiff revoked his offer. On the contrary, the evidence is that defendants deliberately and without excuse committed a breach of an enforceable contract. Again, defendants' argument is totally meritless.

■ Defendants' second point on appeal alleges that the verdict directing instruction was a prejudicial modification of Missouri Approved Instruction 26.06. The court instructed the jury as follows:

*Instruction No. 5*

Your verdict must be for plaintiff if you believe:

First, plaintiff and defendant entered into an agreement whereby plaintiff agreed to combine defendants' crops on 500 acres of farmland in the fall of 1982 and defendants agreed to pay plaintiff the sum of $20.00 per acre for each acre combined by plaintiff, and

Second, plaintiff was ready to perform his agreement, and

Third, defendants failed to perform their agreement, and

Fourth, plaintiff was thereby damaged.

M.A.I. 26.06 reads as follows:

26.06 Verdict Directing—Breach of Bilateral Contract—Terms and Breach in Issue

Your verdict must be for plaintiff if you believe:

First, plaintiff and defendant entered into an agreement whereby plaintiff agreed (set out plaintiff's agreement) and defendant agreed (set out defendant's agreement), and

Second, plaintiff performed his agreement, and

Third, defendant failed to perform his agreement,

and

Fourth, plaintiff was thereby damaged.

*[unless you believe plaintiff is not entitled to recover by reason of Instruction Number _____ (here insert number of affirmative defense instruction)].

The modification was in paragraph second which was changed to read, "plaintiff was ready to perform his agreement."

The substantive issues of this case required the modification. Defendants argue that the approved instruction should not have been modified at all, but M.A.I. 26.06 applies where the plaintiff has already performed and defendant then fails to perform. In this case, the evidence was that defendants repudiated the contract before plaintiff could perform. Plaintiff's modification correctly follows the substantive law on the issue, *Ewing v. Miller,* 335 S.W.2d 154, 158 (Mo.1960), and conforms to the requirements of Rule 70.02(e).

■ Defendants' final point is that the trial court erred in not defining the term "agreement" as used in the verdict directing instruction. The trial court must define legal or technical terms, but it need not define non-technical, readily understood words or commonly used words. *Steffens v. Paramount Properties, Inc.,* 667 S.W.2d 725, 727 (Mo.App.1984); *Smith v. American Bank & Trust Co.,* 639 S.W.2d 169, 175 (Mo.App.1982). The term "agreement" as used in the context of this case was used in a non-technical sense conforming to common usage. It needed no definition.

For the foregoing reasons, we affirm the judgment of the trial court.

All concur.