Steve L. HENDRICKS, d/b/a Hendricks Abstract & Title Co., Plaintiff–Respondent,

v.

Eugene BEHEE, Defendant–Respondent,

and

Artice Smith and Pearl Smith, Defendants–Appellants.

No. 15985.

Missouri Court of Appeals, Southern District, Division Two.

March 27, 1990.

Joseph B. Phillips, Phillips & Phillips, Stockton, for defendants-appellants.

Peter H. Rea, Branson, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

Plaintiff Steve L. Hendricks, d/b/a Hendricks Abstract & Title Co., instituted this interpleader action, Rule 52.07, V.A.M.R., against defendants Eugene Behee, Artice Smith, and Pearl Smith. Plaintiff was the escrowee of $5,000 which had been paid by defendant Behee as a deposit accompanying Behee's offer to purchase real estate owned by defendants Artice Smith and Pearl Smith, husband and wife, in Stockton, Missouri. A dispute between Behee and the Smiths as to whether their dealings resulted in a binding contract prompted the interpleader action. Behee filed a cross-claim against the Smiths.

After a nonjury trial, the trial court awarded plaintiff $997.50 to be paid out of the $5,000 deposit. None of the parties challenges that award. The trial court awarded the balance of $4,002.50 to defendant Behee. Defendants Smith appeal.

In essence the Smiths contend that the dealings between them and Behee ripened into a contract and entitled the Smiths to the balance of $4,002.50, and that the trial court erred in ruling otherwise.

After Behee, as prospective buyer, and the Smiths, as prospective sellers, had engaged in unproductive negotiations, Behee, on March 2, 1987, made a written offer of $42,500 for the real estate and $250 for a dinner bell and flower pots. On March 3 that offer was mailed to the Smiths, who lived in Mississippi, by their real estate agent. There were two real estate agents involved. The trial court found that both were the agents of the Smiths, and that finding has not been disputed by the Smiths in this appeal. For simplicity, the two agents will be considered in this opinion as one agent who acted on behalf of the Smiths.

On March 4 the Smiths signed the proposed agreement in Mississippi. Before Behee was notified that the Smiths had accepted the offer, Behee withdrew the offer by notifying the real estate agent of the withdrawal. That paramount fact is conceded by this statement in the Smiths' brief: "On either March 5, 6 or 7, 1987, Behee contacted [the Smiths' real estate agent] and advised her that he desired to withdraw his offer to purchase the real estate. Prior to this communication, Behee had received no notice that his offer had been accepted by the Smiths."

■ There is no contract until acceptance of an offer is communicated to the offeror. *ACF Ind., Inc. v. Ind. Comm.,* 320 S.W.2d 484, 492[10] (Mo. banc 1959); *Robinson v. The St. Louis Kansas City & Northern Railway Company,* 75 Mo. 494, 498 (1882); *Londoff v. Conrad,* 749 S.W.2d 463, 465[1] (Mo.App.1988); *Tri–State Motor Tr. Co., v. Ind. Comm.,* 509 S.W.2d 217, 226[11] (Mo.App.1974); *Lynch v. Webb City School District No. 92,* 418 S.W.2d 608, 615 (Mo.App.1967); *Sokol v. Hill,* 310 S.W.2d 19, 20 (Mo.App.1958); 17 Am.Jur.2d Contracts § 43, p. 380; 17 C.J.S. Contracts § 45, p. 690.

■ An uncommunicated intention to accept an offer is not an acceptance. *Thacker v. Massman Const. Co.,* 247 S.W.2d 623, 629–30 (Mo.1952); *Medicine Shoppe Intern., Inc. v. J–Pral Corp.,* 662 S.W.2d 263, 269[3, 4] (Mo.App.1983). When an offer calls for a promise, as distinguished from an act, on the part of the offeree, notice of acceptance is always essential. *Thacker v. Massman Const. Co.,* supra, at 629; *Daggett v. Kansas City Structural Steel Co.,* 334 Mo. 207, 65 S.W.2d 1036, 1039 (1933). A mere private act of the offeree does not constitute an acceptance. *Lynch v. Webb City School District No. 92,* supra, at 615[6]; *Hunt v. Jeffries,* 236 Mo.App. 476, 484, 156 S.W.2d 23, 27[3] (Mo.App.1941); 17 Am.Jur.2d Contracts § 44, p. 382. Communication of acceptance of a contract to an agent of the offeree is not sufficient and does not bind

the offeror. *Horton v. N.Y. Life Ins. Co.*, 151 Mo. 604, 620, 52 S.W. 356, 360 (1899); *Sokol v. Hill*, supra, at 20[1].

Unless the offer is supported by consideration, *Coffman Industries, Inc. v. Gorman–Taber Co.*, 521 S.W.2d 763, 772 (Mo.App.1975), an offeror may withdraw his offer at any time "before acceptance and communication of that fact to him." *Sokol v. Hill*, supra, at 20[2]. To similar effect see *National Advertising Co. v. Herold*, 735 S.W.2d 74, 77 (Mo.App.1987). To be effective, revocation of an offer must be communicated to the offeree before he has accepted. *Medicine Shoppe Intern., Inc. v. J-Pral Corp.*, supra, at 269; *Rodgers v. Rodgers*, 505 S.W.2d 138, 144 (Mo.App. 1974); *Lynch v. Webb City School District No. 92*, supra, at 617; 17 Am.Jur.2d Contracts § 35, p. 374; 17 C.J.S. Contracts § 50(d), p. 712.

Notice to the agent, within the scope of the agent's authority, is notice to the principal, and the agent's knowledge is binding on the principal. *Hunter v. Hunter*, 327 Mo. 817, 39 S.W.2d 359, 364[10] (1931); *Dace v. John Hancock Mut. Life Ins. Co.*, 148 S.W.2d 93, 95[1] (Mo.App. 1941). See also *Luker v. Moffett*, 327 Mo. 929, 38 S.W.2d 1037, 1041[6] (1931); 3 C.J.S. Agency § 432, p. 295.

Before Behee was notified that the Smiths had accepted his offer, Behee notified the agent of the Smiths that Behee was withdrawing the offer. The notice to the agent, being within the scope of her authority, was binding upon the Smiths. Behee's offer was not supported by consideration and his withdrawal of it was proper. Cases involving facts similar to those at bar include *National Advertising Co. v. Herold*, supra, and *Sokol v. Hill*, supra.

The judgment is affirmed.

HOGAN, C.J., and MAUS, J., concur.