Ralph J. WISEMAN,
Plaintiff/Respondent,

v.

The JUNIOR COLLEGE DISTRICT OF ST. LOUIS, St. Louis County,
Defendant/Appellant.

No. 66942.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 5, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 7, 1996.

Application to Transfer Denied
March 26, 1996.

Robert J. Krehbiel, Adrian P. Sulser, St. Louis, for defendant/appellant.

John D. Lynn, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

In this jury-tried case, plaintiff employee alleged he had a three-year contract with defendant employer. Within a year, employer abolished his position and terminated him.

The jury awarded him $91,927.39. Employer appeals, claiming employee did not have a three-year contract. We agree and reverse.

## I. Background

In October, 1985, employee began working for employer, a school district, under the title of "Manager of Internal Audit." At that time, employer tendered and employee signed a contract for employment through June 30, 1986.

Each fiscal year thereafter, employer sent a one-year contract to employee, which he signed and returned. In April, 1990, employer issued a "Certificate of Administrative Appointment." The Certificate said:

> [Employee]—CC, a certificated employee of [employer], is hereby granted a three-year administrative appointment with [employer], *said appointment to become effective on July 1, 1990, and end on June 30, 1993.*

> This certificate entitles the employee to re-employment for the number of years indicated, and entitles him/her to be compensated at no less than the last annual base salary rate for the first year exclusive of extra compensation. This certificate is issued subject to board policy of [employer],

and it shall be and remain subject to the board policy of [employer], as amended from time to time. . . .

Employer issued the Certificate pursuant to its policy which stated:

> After three successive years of full-time, satisfactory service and upon approval by the Board, administrators and professional personnel may be granted three-year certificates. *Subject to the provisions concerning dismissal and reduction in force contained in this policy,* as well as the management prerogative of assignment, such a certificate will entitle the staff member to employment each year for the three-year period at no less than the annual salary established for the first year of any certificate. Such three-year certificates will be renewed unless written notice of non-renewal is given. (emphasis added).

\* \* \* \* \* \*

> Administrators and professional staff who have been granted three-year certificates will be given one-year non-probationary contracts during the affected three-year period. The one-year non-probationary contract will set forth the terms and conditions of employment for each respective year.

\* \* \* \* \* \*

> *If, in the judgment of the administration, it is necessary to decrease the number of administrative or professional personnel because of financial considerations,* . . . the necessary number of employees may be placed on layoff status without pay. . . . (emphasis added).

>> Notice of reduction in force will be given in writing no later than 90 days prior to the end of the contract year. The notice will include the reason for reduction in force.

The President of the Board of Trustees signed the Certificate. It was not dated. However, a cover letter accompanying it was dated April 26, 1990. On employee's copy of the Certificate, he wrote, "Above accepted by Ralph J. Wiseman 4/26/90." [1]

---

1. We observe that neither the copy of this certificate attached to employee's petition, filed Octo-

ber 18, 1991, nor the copy attached to a memorandum in opposition to a summary judgment

Later, employee received a one-year contract for the period from July 1, 1990, through June 30, 1991. He signed this contract and returned it on July 28, 1990. On March 26, 1991, employer notified employee that a reduction in force was necessary. Further, employer said his position was being eliminated effective at the close of the business day on June 30, 1991. Employer did not tender any further contracts to employee.

## II.

Employer raises three points on appeal. The first is dispositive. In this point, employer alleges the trial court erred in denying its motions for directed verdict and for judgment notwithstanding the verdict. It contends the Certificate of Administrative Appointment was not an enforceable contract.

Section 432.070 [2] controls contracts with school districts. It requires:

> [The] contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

In his pleadings, at trial, and here, employee claims the Certificate constituted a three-year contract of employment. He makes this claim, although he recognizes that the Certificate itself did not comply with § 432.070. Specifically, the Certificate did not set forth the consideration and was not dated.

Employee contends that substantial compliance, rather than literal compliance, with § 432.070 requirements is sufficient to create a contract. *See Veling v. City of Kansas City,* 901 S.W.2d 119, 122 (Mo.App.W.D. 1995). That general proposition may be correct. In *Veling* and in *Lynch v. Webb City School Dist. No. 92,* 418 S.W.2d 608, 615 (Mo.App.S.D.1967), our appellate courts recognized the substantial compliance doctrine.

To establish substantial compliance, employee points out that, although the Certificate itself was not dated, the cover letter transmitting the Certificate was dated. Employee also suggests the individual one-year contracts established the consideration. Therefore, by looking at all these documents, employee argues that the Certificate complies with § 432.070.

■ Without deciding the issue of substantial compliance, we find that employee did not establish a valid contract. Employer's issuance of the Certificate was, at best, an offer to employee for three years employment. To create a contract, employer's offer must be accepted. In addition, the acceptance must be communicated to employer. *See Hendricks v. Behee,* 786 S.W.2d 610, 611 (Mo.App.S.D.1990); *Lynch,* 418 S.W.2d at 615; *Hunt v. Jeffries,* 236 Mo.App. 476, 156 S.W.2d 23, 27 (Mo.App.E.D.1941).

■ Here, employee testified he accepted employer's offer by writing, "Above accepted by Ralph J. Wiseman 4/26/90," on the Certificate. However, employee did not communicate his private acceptance of the Certificate's terms to employer. A mere private act of an offeree does not constitute an acceptance. *Hendricks,* 786 S.W.2d at 611. Without notice of acceptance to the offeror, a contract is not created. *Id.*

We observe that in each case employee relies on to establish substantial compliance, the employee communicated acceptance. *Veling,* 901 S.W.2d at 121 (offer accepted in writing prior to the deadline); *Welsh v. Ferd Heim Brewing Co.,* 47 Mo.App. 608, 612–13 (Mo.App.W.D.1892) (each party to a lease signed either the original or a copy and returned it to the other); *Lynch,* 418 S.W.2d at 612 (contract personally delivered to school board's vice-president). Employee does not cite any case which found substantial compliance without evidence of a communicated acceptance.

As a final argument, employee contends that he communicated his acceptance of the Certificate's three-year offer by signing a one-year contract on July 28, 1990. He argues that his acceptance of the first of three

motion, filed February 16, 1994, contains this notation.

2. All statutory references are to RSMo1994.

anticipated one-year contracts signified his acceptance of the Certificate's terms.

We disagree. The acceptance of a one-year contract bound both employer and employee for a period of one year. However, nothing in that contract indicated employee's agreement to be bound for two additional years. For the Certificate to constitute a contract, both parties must communicate their agreement to its terms to the other and be bound thereby.

The trial court's judgment is reversed and it is ordered to enter judgment in favor of defendant.

AHRENS, P.J., and PUDLOWSKI, J., concur.