Betty WATSON, et al.,
Plaintiffs/Appellants,

v.

CITY OF ST. LOUIS,
Defendant/Respondent.

No. 69867.

Missouri Court of Appeals,
Eastern District.
Division Two.

May 20, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1997.

Michael A. Gross, St. Louis, for Plaintiffs/Appellants,

Tyrone A. Taborn, City Couselor, Edward J. Hanlon, Deputy City Counselor, Patti Hageman, Asst. City Counselor, St. Louis, for Defendant/Respondent.

PUDLOWSKI, Judge.

Appellants appeal the decision of the Circuit Court of the City of St. Louis granting respondent's motion to dismiss for failure to state a claim. Appellants are Betsy Watson, et al, fifty-two owners of mobile homes which were secured to pads at the Luxury Living Mobile Home Park near Lambert–St. Louis International Airport (airport) in St. Louis County. Respondent is the City of St. Louis (City), which owns and operates the airport.

The City desired to purchase the mobile home park property since 1991 and informed appellants in February of 1992 that they would be entitled to relocation benefits at such time as the City should acquire the property for the airport. Appellants rented the pads from month to month. This offer was expressly conditioned upon appellants' continued residency until after the acquisition of the property by the airport. On various occasions during 1992 and 1993, the City informed and reassured appellants and other residents of the mobile home park that the City would acquire the park. The City commenced an action in St. Louis County CircuitCourt to acquire the property through condemnation in 1993, but such action was abandoned after the property value was estimated to be $2,600,000.

The City and the owner of the park grounds continued to negotiate after the City abandoned its condemnation proceeding. They were unable to reach an agreement on the purchase price and in February of 1995 the park notified each of the appellants and other residents of the park of the termination of their tenancies and demanded that they vacate the premises. Those notices required mobile home owners to move out of the park on or before March 31, 1995. The cost of relocating the appellants and other residents of the park and of purchasing their mobile homes would have been more than $2,000,-000. The termination of the tenancy of each park resident during negotiations between the City and the park owners, and their required departure from the park, reduced the City's cost for acquiring the property by an amount substantially greater than the difference between the City's offer and the owner's demand. Appellants claim that the value of their homes has been diminished by the City's announced intention to acquire the property and its failure to do so.

In their petition, appellants alleged damages under the doctrines of inverse condemnation and promissory estoppel. They claimed that the actions and omissions of the City amounted to an invasion and appropriation of valuable property rights for public use without just compensation. They further asserted that they had relied foreseeably and to their detriment upon the City's promises and representations regarding its acquisition of the mobile home park and the benefits which would redound to them if they remained paying tenants of the park. The circuit court granted the City's motion to dismiss the appellants' causes of action. The court concluded that appellants failed to state a claim under either doctrine.

■ Under the standard of review for appeals challenging a dismissal for failure to state a claim, this court takes all averments of the petition as true and construes them

liberally in favor of the plaintiff. *Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993).

Appellants' first point contends that the court erred in granting the motion to dismiss their action for damages under a theory of inverse condemnation because they alleged facts constituting each of the elements of an inverse condemnation action.

■ In order to state a claim for inverse condemnation, appellants must have alleged that their property was taken or damaged by the state for public use without just compensation. *Mattingly v. St. Louis County,* 569 S.W.2d 251, 252 (Mo.App.1978). Appellants need not plead an actual physical taking of property, but must have plead an invasion of a valuable property right and consequential damage. *Hamer v. State Highway Commission,* 304 S.W.2d 869, 871 (Mo.1957); *Harris v. Missouri Department of Conservation,* 755 S.W.2d 726, 729 (Mo.App.1988). Appellants claim that their petition met these requirements by alleging that the City had invaded their ownership rights and diminished the value of their homes by announcing its intention to acquire the mobile home park for airport use.

■ Missouri law is clearly contrary to appellants' position. An action for inverse condemnation requires an invasion or appropriation of some property right. A mere preliminary procedure looking to the taking of the mobile home park is not sufficient. *Marvin E. Nieberg Real Estate Company v. St. Louis County,* 488 S.W.2d 626 (Mo.1973). Furthermore, as the City did, a condemnor may abandon a condemnation proceeding within ten days of the report of the commissioners. Rule 86.06; *Crestwood Commons v. 66 Drive–In, Inc.,* 882 S.W.2d 319, 321 (Mo. App. E.D.1994); *Washington U. Medical Ctr. Redev. Corp. v. See,* 654 S.W.2d 192, 193–194 (Mo.App.1983). Property owners who rely on premature announcements of condemnation which are later abandoned have no recourse. *State ex rel. State Highway Commission v. Armacost Motors,* 552 S.W.2d 360 (Mo.App.1977). Finally, a month-to-month tenancy is not compensable upon condemnation of the rental property. *State ex rel. State Highway Commission v. St. Charles County Associates,* 698 S.W.2d 34, 36 (Mo. App.1985), *citing Land Clearance for Redevelopment Authority of Kansas City v. Dunn,* 416 S.W.2d 948, 952 (Mo.1967). It follows then, that the month-to-month tenancies held by appellants are not compensable through inverse condemnation. Appellants' first point is denied.

■ Appellants' second point contends that the court erred in granting the City's motion for dismissal on the issue of promissory estoppel as they alleged facts constituting each of the elements necessary to bring such an action. Section 432.070 RSMo 1994, however, requires, among other things, that all contracts made by the municipality be made in writing. Unless exceptional circumstances exist, equitable remedies such as promissory estoppel cannot be employed to overcome the requirements of § 432.070. *Kennedy v. City of St. Louis,* 749 S.W.2d 427 (Mo.App.1988); *Murrell v. Wolff,* 408 S.W.2d 842, 851 (Mo. 1966). We find no such exceptional circumstances in this instance. As a result, even if appellants alleged the necessary facts to support a promissory estoppel claim, appellants may not avail themselves of this remedy. Point two is denied. Affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.