**Charles and Lisa MUNCY, Appellants,**

v.

**CITY OF O'FALLON, Respondent.**

**No. ED 84058.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 12, 2004.

Frank A. Conard, Busch & Conard P.C., St. Charles, MO, for Appellant.

Richard A. Wunderlich, Mark C. Piontek, Nathan E. Ross, Lewis, Rice & Fingersh, L.C., St. Louis, MO, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellants, Charles and Lisa Muncy ("the Muncys") appeal from the judgment of the Circuit Court of St. Charles County granting summary judgment in favor of Respondent, City of O'Fallon ("the City"). The Muncys had filed an action for breach of contract and sought rescission concerning the sale of their property to the City. We affirm.

The City is a municipality of Missouri located in St. Charles County. In October of 1998, the City and the Muncys began negotiating for the sale of property located at 618 Woodlawn in O'Fallon, Missouri ("the property"), which the City planned to use for the construction of an overpass. The Muncys signed a purchase agreement ("the purchase agreement") and a special warranty deed and delivered the agreement to the City. Included in the purchase agreement, was a provision stating: "[t]he parties agree that upon completion of roadway construction, the City will return legal title to the northeast corner of the tract to the Muncys so that the Muncys may use that tract portion for a highway sign . . . ." The purchase agreement was never signed by an agent or representative of the City. The only signatures on the purchase agreement are the signatures of both of the Muncys.

On November 10, 1998, the Muncys executed a general warranty deed (the "deed") transferring title of the property to the City. The deed was a different deed than the special warranty deed contained in the purchase agreement. The language of the deed stated that it was made and entered into "for and in consideration of the sum of One Dollar and other valuable considerations . . . ." The Muncys do not dispute that they received $380,000.00

from the City as consideration in exchange for execution of the deed. The City has since completed construction of the Wood-lawn Overpass which stretches over the land deeded to the City by the Muncys.

Several years after the closing on the property, the Muncys attempted to enforce the provision of the purchase agreement that said the City had to return legal title of the northeast corner of the property to the Muncys upon completion of the overpass. The City refused to return legal title to the northeast corner of the property after the Muncys' request. As a result, the Muncys instituted the present action asking for damages for breach of the purchase agreement and for rescission of the purchase agreement. Subsequently, the City filed a motion for summary judgment alleging that it is entitled to judgment as a matter of law because the purchase agreement is void under the requirements of section 432.070 RSMo 2000 [1], and the remedy of rescission is inapplicable to a void contract. On Dec. 23, 2003, the trial court granted the City's summary judgment motion on all counts.

When considering appeals from summary judgments, our review is essentially *de novo. ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo.banc 1993). We review the record in the light most favorable to the party against whom the trial court rendered judgment. *Id.* at 376. The non-movant is entitled to the benefit of all reasonable inferences from the record. *Id.* The summary judgment movant has the burden of proving he has a legal right to judgment and that there is no genuine issue as to any material fact required to support that right to judgment. *Id.* at 378. When the "slightest doubt" as to a material fact is

**1.** All statutory references are to RSMo 2000.

found, we have found a "genuine issue." *Id.*

■ In their first point on appeal, the Muncys argue the trial court erred in entering summary judgment against them on their breach of contract claim against the City. The Muncys assert that the City is liable for breach of contract, because they did not transfer legal title of the northeast portion of the property back to the Muncys pursuant to a provision in the purchase agreement.

The Muncys argue further that the court erred in granting summary judgment on the breach of contract action because they have alleged facts constituting all of the elements of estoppel in pais, commonly known as equitable estoppel. The Muncys contend that Mr. Robert Wohler ("Wohler"), an attorney for the City, orally agreed, during discussion of the terms of the purchase agreement, to the disputed provision in the purchase agreement which would have entitled the Muncys to return of legal title to the northeast corner of the property.

Section 432.070 states:

No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing. Section 432.070.

■ The requirements set forth in section 432.070 for the execution of contracts by municipalities are mandatory not merely directory, and a contract made in violation of them is void rather than voidable. *City of Fenton v. Executive Intern. Inn*, 740 S.W.2d 338, 340 (Mo.App. E.D. 1987). The purpose of section 432.070 is to protect the public entity. *Casterline v. Stuerman*, 588 S.W.2d 86, 88 (Mo.App. E.D.1979). Due to the fact that municipalities represent the public, the courts unhesitatingly should enforce compliance with all mandatory provisions of the statutes intended to protect municipalities and their inhabitants. *Thies v. St. Louis County*, 402 S.W.2d 376, 380 (Mo.1966), quoting *Grauf v. City of Salem*, 283 S.W.2d 14, 17 (Mo.App.1955). Substantial compliance, rather than literal compliance, with section 432.070 requirements may be sufficient to create a contract in certain circumstances. *Wiseman v. Jr. College Dist., St. Louis*, 916 S.W.2d 267, 269 (Mo. App. E.D.1995).

■ We also note that unless exceptional circumstances exist, equitable remedies such as estoppel cannot be implemented to overcome the requirements of section 432.070. *Watson v. City of St. Louis*, 956 S.W.2d 920, 922 (Mo.App. E.D.1997).

The Muncys do not allege that the purchase agreement is in substantial compliance with the requirements of section 432.070. The purchase agreement was not signed by an agent or representative of the City. Because the purchase agreement violated a mandatory provision of section 432.070, the agreement is void and unenforceable.

■ Furthermore, even assuming *arguendo* that Wohler did orally agree to the disputed provision in the purchase agreement, the Muncys were paid the valuable consideration of $380,000.00 by the City for executing the deed. Therefore, no exceptional circumstances exist which would make it appropriate to enforce the pur-

chase agreement under an equitable estoppel theory. Point denied.

In the Muncys' second point on appeal, they assert the trial court erred in entering summary judgment against them on the issue of rescission of the purchase agreement as they alleged facts that constitute entitlement to rescission.

■ The rules of rescission are applicable only to voidable, and not to void, contracts. *Schroeder v. Zykan*, 255 S.W.2d 105, 111 (Mo.App.1953). In other words, rescission contemplates a voidable but existing contract. *Greer v. Zurich Insurance Company*, 441 S.W.2d 15, 26 (Mo. 1969), *quoting Matthews v. Truxan Parts, Inc.*, 327 S.W.2d 28, 37 (Mo.App.1959).

As stated earlier in this opinion, the purchase agreement is void because it did not comply with the requirements of section 432.070 relating to contracts entered into by a municipality. Therefore, even assuming *arguendo* that the Muncys can meet the requirements for entitlement to rescission, because the purchase agreement is void it is not subject to rescission. Point denied.

Based upon the foregoing, we affirm.

SHERRI B. SULLIVAN, J. and GLENN A. NORTON, J. concur.