**Ernest E. CREEL, Jr., Appellant,**

v.

**UNION ELECTRIC COMPANY, INC., Respondent.**

**No. WD 53413.**

Missouri Court of Appeals,
Western District.

Aug. 26, 1997.

Donald Otto, Jr., Jefferson City, for Appellant.

Colly Durley, Columbia, for Respondent.

SPINDEN, Judge.

Ernest E. Creel, Jr., sued Union Electric Company for strict liability and for negligence after power surges through Union Electric's utility lines allegedly damaged Creel's property. The circuit court dismissed Creel's claim for strict liability, and Creel appeals. Union Electric argues that this court lacks jurisdiction to hear this appeal because the circuit court's order is not final and appealable. We agree and dismiss the appeal.

In dismissing Creel's strict liability claim, the circuit court made a finding that no just reason for delaying an appeal of its order existed. It found that its order was final for purposes of appeal pursuant to Rule 74.01(b). The determination of whether a judgment is final, however, is jurisdictional. We must consider the issue regardless of the circuit court's designation. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995).

Rule 74.01(b) says, "When more than one claim for relief is presented in an action ..., the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." This rule's purpose is to avoid redundant review of multiple appeals based on the same underlying facts and similar legal issues. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 451 (Mo. banc 1994). "[C]laims are considered separate if they require proof of different facts and the application of distinguishable law, subject to the limitation that severing the claims does not run afoul of the doctrine forbidding the splitting of a cause of action." *Id.*

If we were to permit Creel to pursue his appeal, we would be violating the rule against splitting a cause of action. "The test for determining whether or not a cause of action is single, and cannot be split, is: (1) whether the separate actions brought arise out of the same act, contract, or transaction; or (2) whether the parties, subject matter, and evidence necessary to sustain the claim are the same in both actions." *State ex rel. Todd v. Romines*, 806 S.W.2d 690, 692 (Mo. App.1991). Both Creel's strict liability and negligence claims are based on the same underlying facts, evidence and subject matter and involve the same parties.

Moreover, "[a]ssertion of alternate theories of recovery for the same wrong does not constitute an action presenting more than one claim for relief." *Davis v. Dolgencorp, Inc.*, 774 S.W.2d 565, 567 (Mo.App.1989). Claims are not considered separate unless separate recovery is possible on each claim. *Boatmen's First National Bank of West Plains v. Southern Missouri District Council of the Assemblies of God*, 806 S.W.2d 706, 711 (Mo.App.1991).

Although Creel may submit his case on both strict liability and negligence, he cannot obtain double recovery. *Richcreek v. General Motors Corporation*, 908 S.W.2d 772, 777 (Mo.App.1995). He seeks recovery for damages caused by alleged voltage and current variations from Union Electric under either a strict liability or negligence theory.

In his prayer under both counts, he asks for judgment against Union Electric "in such an amount as is reasonable to compensate [him] for his damages, for his costs herein expended and for whatever further relief the Court deems just and equitable." Under both counts, Creel alleges:

... On or about August 1, 1991, there was a fluctuation in the current supplied to 1433 Christy Drive, Jefferson City, Missouri, causing a power surge through the building and nearby buildings along Christy Drive.

... Said fluctuation destroyed and/or damaged key pieces of Plaintiff's equipment, including computerized video imaging and editing equipment valued at over $50,000.00 damaging Plaintiff and making it impossible for him to continue the business of Keep Sake Video Productions, resulting in substantial lost profits for which Plaintiff is entitled to recover.

... In addition, the loss of Plaintiff's business and the resulting loss of income have caused the Plaintiff great mental anguish.

Because Creel seeks the same damages in both counts, separate recovery is not possible on each claim without resulting in double recovery. Creel's petition, therefore, presents only one claim for relief.

We conclude that the circuit court erred in designating its order dismissing Creel's strict liability claim against Union Electric as final. Because the dismissal order is not final, we lack jurisdiction to consider Creel's appeal. We, therefore, dismiss it.

BERREY, P.J., and SMART, J., concur.