Christopher A. MacMILLAN, Petitioner–Respondent,

v.

Darla A. MacMILLAN, Respondent–Appellant.

No. 21538.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 8, 1998.

---

James L. Thomas, Waynesville, for Respondent–Appellant.

No Appearance For Respondent–Appellant.

SHRUM, Judge.

In this domestic relations case, Respondent requested a change of judge on February 18, 1997, and the trial court granted that request the same day. The request for change of judge was not timely under the requirements of Rule 51.05(b).[1] In addition, Respondent notified Appellant about the request for a change of judge after the trial court granted the request. Thus, Appellant was not notified in accordance with the provisions of Rule 51.05(c).

Appellant objected to the change of judge and the trial court held a hearing on that issue. After the hearing, the trial court made the following docket entry:

"Court finds that, having previously disqualified on [Respondent's] request, even though [Respondent's] motion was not timely filed and Defendant was not given notice, Judge Storie is w/o jurisdiction to hear any further matters in this case. This is a final, appealable order."

Appellant attempts to bring an appeal from this order. We dismiss the appeal because the trial court's order is not appealable.

 The right of appeal is statutory. *Shawnee Bend Special Rd. Dist. v. Camden County*, 839 S.W.2d 343, 347[3] (Mo.App. 1992); Rule 81.01. Appealable orders are listed in § 512.020:[2]

"[A]ny order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any ·final judgment in the case or from any special order after final judgment in the cause."

An order stating that a trial court has no jurisdiction to hear further matters is not included in the list of appealable orders found under § 512.020. Similarly, a judge's order of self-disqualification is not appealable. *Helton Constr. Co., Inc. v. Thrift*, 865 S.W.2d 419, 422 (Mo.App.1993). The trial court's statement that the order is final and appealable has no effect. *See Boley v. Knowles*, 905 S.W.2d 86, 88[4] (Mo.banc 1995).

The appeal is dismissed.

PARRISH, P.J., and MONTGOMERY, C.J., concur.

---

**1.** All rule references are to Missouri Rules of Civil Procedure, 1997, unless otherwise indicated.

**2.** All statutory references are to RSMo 1994, unless otherwise indicated.