Haifa Al **HABAHBEH**, Appellant,

v.

Beruti **BERUTI** and Nowal Beruti, Respondents;

Mohammed H. **Alul**, Defendant.

No. WD 60731.

Missouri Court of Appeals, Western District.

March 11, 2003.

Rehearing Denied April 24, 2003.

Justin J. Johl, Overland Park, KS, for Appellant.

Paula R. Hicks Schaeffer, Kansas City, MO, David S. Slavkin, St. Louis, MO, Co–Counsel, for Respondent.

Before: LOWENSTEIN, P.J., SMART and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

This is an appeal from the dismissal, for lack of personal jurisdiction, of appellant's petition for conversion and trespass of chattels against three non-resident defendants. Two of the defendants had been served and filed the motion to dismiss. The other defendant, who lives in Jordan, was never served. For the reasons stated below, the court dismisses the appeal for lack of a final judgment against all parties.[1]

Appellant, Haifa Al Habahbeh filed her petition against her sister-in-law Nawal Beruti and Nawal's husband Beruti Beruti (the Beruti's), who are Ohio residents, and Haifa's ex-husband Mohammed Alul (Alul) who lives abroad. The petition alleged the three defendants conspired to take her property, then tortured and stole jewelry given to the plaintiff by the King of Jordan. The limited record here does not specify exactly where the wrongs occurred. The Beruti's were served under the auspices of the Long Arm Statute, § 506.500, RSMo 2000. Alul has not been served. The Beruti's filed a motion to dismiss, pursuant to Rule 55.27(a), asserting lack of personal jurisdiction. The Beruti's asserted their bare ownership of an apartment complex in St. Charles County did not suffice to confer personal jurisdiction under the statute. Haifa argued to the trial court that the Beruti's managed the apartment complex and took part in other activities in Missouri, which would confer general personal jurisdiction without violating due process standards. The trial court dismissed the petition. The judgment did not mention defendant Alul nor contain express language conferring finality to the action vis-à-vis the Beruti's.

As the court in *DuPont v. Bluestein*, 994 S.W.2d 96, 97 (Mo.App.1999), noted, under Rule 74.01 an appealable judgment is one which disposes of all parties and issues. Where there is no judgment from which an appeal can be taken, i.e., "no final disposition ... as to some of the parties defendant," an appeals court does not have jurisdiction and must dismiss the appeal. *Cooper v. Barr*, 413

---

1. Rule 74.01(b), as pertinent and applicable here holds that when multiple parties are involved the court may enter a judgment for fewer than all the parties and, if not accompanied by an express determination there is no just reason for delay, then the judgment

"shall not terminate the action as to any of the ... parties, and ... is subject to revision at any time before entry of judgment adjudicating all ... the rights and liabilities of all the parties."

S.W.2d 219, 221 (Mo.1967). The factual situation in the case at bar is similar to that in *State ex. rel. Schweitzer v. Greene*, 438 S.W.2d 229, 231 (Mo. banc 1969), where the Court, in a medical malpractice suit versus a doctor and a nurse (not served with process), said, "[A]n appeal by a plaintiff from an order sustaining a motion to dismiss filed by one of two defendants is premature, and that rule applies even though service has not been obtained upon the other defendant."(Citation omitted). Alul was not served but still remained as a designated party defendant to this action. Thus, without an express determination that there was no just reason for delay, the judgment entered on the Beruti's motion was not a final judgment for purposes of appeal. *Garrett v. Finnell*, 999 S.W.2d 304, 305 (Mo.App.1999). Appeal dismissed.

All concur.