**NICHOLSON CONSTRUCTION COMPANY, Appellant,**

v.

**MISSOURI HIGHWAY AND TRANS-PORTATION COMMISSION, Respondent.**

**Nos. WD 61878, WD 62025.**

Missouri Court of Appeals, Western District.

April 15, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 17, 2003.

Application for Transfer Denied Aug. 26, 2003.

Johnny K. Richardson, Jefferson City, MO, for Appellant.

John William Koenig, Jr., Sikeston, MO, for Respondent.

Before THOMAS H. NEWTON, P.J., ROBERT G. ULRICH and EDWIN H. SMITH, JJ.

THOMAS H. NEWTON, Judge.

After experiencing substantial problems during work on a bridge construction project, Nicholson Construction Company (Nicholson) brought an action against the Missouri Highway and Transportation Commission (MHTC) to recover damages purportedly incurred on the project and to obtain a declaratory judgment regarding Nicholson's potential exposure should the bridge later fail because of inadequate support.

MHTC filed a motion for partial summary judgment, contending that the parties had executed a change order [1] barring Nicholson from recovering any damages incurred on the project before July 7, 1999. The Cole County Circuit Court granted MHTC's motion for partial summary judgment and certified its ruling for appeal under Rule 74.01(b).[2] We dismiss the appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

In 1996, MHTC began work on a new bridge to span the Mississippi River at Cape Girardeau. While preparing to construct one of the bridge piers, a contractor unexpectedly discovered weathered zones in the subsurface limestone bedrock. This

---

1. A change order is an agreement between parties that modifies or changes the original contract terms.

2. Unless otherwise indicated, all rule references are to the Missouri Supreme Court Rules (2002).

discovery raised concerns that the natural subsurface layers beneath the pier site might not adequately support the bridge. MHTC ultimately concluded that the site required strengthening before construction of the pier could begin.

To strengthen the site, MHTC selected a method known as jet grouting and solicited bids for the necessary foundation improvement work. In April 1998, Nicholson won the contract (the foundation improvement contract) to do the work. The parties anticipated that the work would be completed by October 1, 1998.

However, the work did not go as expected. Following a series of delays and cost overruns, the parties executed a change order effective July 7, 1999. Under the terms of the change order, MHTC agreed to reimburse Nicholson for certain costs associated with the project to that date. The change order also included a release. In pertinent part it states:

> The amounts being paid to Nicholson Construction Company ... represent a negotiated settlement and, as such, reflects payments of all claims of Nicholson Construction Company ... starting from the date of execution of the contract until the execution by both parties of this Change Order. However, nothing in this Change Order affects Nicholson Construction Company's right to file a claim based on an occurrence after the date of this Change Order.

Nicholson later filed the pending action against MHTC, seeking damages allegedly resulting from breach of contract, breach of warranty ex contractu, and cardinal change, without regard to the release con-

tained in the change order. Nicholson maintains that the change order is invalid.[3] Nicholson also seeks a declaratory judgment absolving it of responsibility for construction of the bridge pier in accordance with MHTC's specifications.

Nicholson's original petition requested total damages in the amount of "at least $4,000,000." After MHTC filed a motion to make more definite Nicholson's alleged damages, the circuit court ordered Nicholson to plead its damages more specifically by dividing them as of July 7, 1999, the date on which Nicholson's president signed the change order. Nicholson then filed an amended petition specifying damages of "approximately $2,281,530 on or before July 7, 1998"[4] and "approximately $1,739,195 after July 7, 1998, for total damages of $4,020,725."

The Circuit Court ultimately entered partial summary judgment in favor of MHTC for all damages that Nicholson incurred during the project before July 7, 1999. Having determined that there was no just reason for delay, the court also certified its judgment as final for the purpose of immediate appeal under Rule 74.01(b).

JURISDICTION IS NOT PROPER BECAUSE THE TRIAL COURT'S JUDGMENT IS NOT FINAL

In all appeals we must determine our jurisdiction *sua sponte. Comm. for Educ. Equal. v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). Without a final judgment, we have no jurisdiction. *Id.* And without jurisdiction, we must dismiss the appeal. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997).

---

3. Although the reasons are not particularly relevant to the disposition of this appeal, Nicholson cites duress, fraud, estoppel, and unilateral mistake of fact as grounds for invalidating the change order.

4. Given the circuit court's order to divide damages as of July 7, 1999, we infer that the year specified in Nicholson's amended petition represents a typographical error and that Nicholson intended to refer to the year 1999 instead of 1998.

A final judgment normally must "dispose of all issues and all parties in the case and leave nothing for future determination." *In re Estate of Hoskins,* 996 S.W.2d 792, 793 (Mo.App. E.D.1999). But Rule 74.01(b) recognizes an exception for cases involving multiple claims or multiple parties. *Gibson,* 952 S.W.2d at 244; *In re Marriage of Werths,* 33 S.W.3d 541, 542 n. 1 (Mo. banc 2000). In such cases, the circuit court may certify as final a partial judgment pertaining "to one or more but fewer than all of the claims or parties" only if it expressly determines that there is "no just reason for delay." Rule 74.01(b). Although Rule 74.01(b) affords the circuit court discretion to certify claims for immediate appeal, the trial court's determination is not conclusive. "It is the content, substance, and effect of the order that determines finality and appealability." *Gibson,* 952 S.W.2d at 244.

For purposes of Rule 74.01(b), "the minimum unit of disposition is at least one claim.... A judgment which resolves fewer than all legal issues as to any single 'claim for relief' is not final notwithstanding the trial judge's designation as such." *Comm. for Educ. Equal.,* 878 S.W.2d at 450. "Similarly, a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)." *Id.*

A claim is the "aggregate of operative facts which give rise to a right enforceable in the courts." *Id.* at 451 (internal quotation and citations omitted). "[C]laims are considered separate if they require proof of different facts and the application of distinguishable law, subject to the limitation that severing the claims does not run afoul of the doctrine forbidding the splitting of a cause of action." *Id.* "The test for determining whether or not a cause of action is single, and can-

not be split, is: (1) whether the separate actions brought arise out of the same act, contract, or transaction; or (2) whether the parties, subject matter, and evidence necessary to sustain the claim are the same in both actions."

*Creel v. Union Elec. Co. Inc.,* 950 S.W.2d 315, 317 (Mo.App. W.D.1997) (quoting *State ex rel. Todd v. Romines,* 806 S.W.2d 690, 692 (Mo.App.1991)).

A judgment is final "only when the order disposes of a distinct 'judicial unit.' " *Gibson,* 952 S.W.2d at 244.

The required judicial unit for an appeal has a settled meaning: the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim. An order dismissing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation. It is differing, separate, distinct transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim.

*Id.* (internal quotation marks and citations omitted).

Applying these guiding principles to the case before us, we conclude that the circuit court's partial summary judgment fails to dispose of at least one complete claim, as required under Rule 74.01(b). We recognize the circuit court's effort to focus the litigation by dividing Nicholson's damages into two categories: those incurred before the change order (and, therefore, purportedly settled) and those incurred thereafter. But Nicholson's amended petition alleges breach of con-

tract (Count I), breach of warranty ex contractu (Count II), and cardinal change (Count III) without making such a distinction.[5] The same facts and legal theories animate these counts without regard to the date on which Nicholson allegedly incurred damages. All of Nicholson's counts revolve around exactly the same foundation improvement contract and the same bridge construction project. Because the circuit court's judgment only addresses one portion of Nicholson's requested relief on these counts it "leaves other remedies relating to the same legal rights open for future adjudication" and is not a final judgment under Rule 74.01(b). *Comm. for Educ. Equal.*, 878 S.W.2d at 450. *Cf. Meco Sys., Inc. v. Dancing Bear Entm't, Inc.*, 944 S.W.2d 595, 597 (Mo.App. S.D. 1997) (judgment was not final and appealable under Rule 74.01(b) where judgment left remedy on pending claim unresolved); *Mid–States Sales Co., Inc. v. Fugitt Bros. Livestock Co., Inc.* 980 S.W.2d 351, 354–55 (Mo.App. S.D.1998) ("All four counts of the Second Amended Petition remain pending; no count is adjudicated. What recovery, if any, Appellant may make on any count remains unresolved."); *Jensen v. Howard*, 926 S.W.2d 77, 78 (Mo.App. W.D.1996) (in action seeking actual and punitive damages in negligence action, judgment disposing of request for punitive damages was not appealable where requests for actual and

punitive damages were both based upon the same underlying negligent conduct).

Accordingly, we dismiss the appeal for lack of jurisdiction.[6]

ROBERT G. ULRICH, P.J., and EDWIN H. SMITH, Judges, concur.

---

5. Although the circuit court ordered Nicholson to plead its damages more specifically by dividing the damages as of July 7, 1999, such an order cannot create separate claims where none exist.

6. Nicholson has filed a Motion to Strike Respondent's Brief for Failure to Comply with our Supreme Court Rules, which this court has taken with the case. Nicholson complains that a number of statements contained in MHTC's brief lack citation to the record on appeal, as required by Rule 84.04. Nicholson asks that we either strike the offending por-

tions of MHTC's brief or, in the alternative, strike the entire brief "due to the obvious failure to adhere to the rules with a quantity rising to the level of flagrant disregard for the Court's time, energy and resources." Although we agree that some of MHTC's assertions lack support, we find that these deficiencies do not impede disposition of the appeal. *See Geiersbach v. Blue Cross/Blue Shield of Kansas City*, 58 S.W.3d 636, 639 (Mo.App. W.D.2001). Accordingly, we deny appellant's motion.