CITY OF KANSAS CITY, Missouri, Respondent,

v.

Robert L. WOODSON, Appellant.

No. WD 61928.

Missouri Court of Appeals, Western District.

March 16, 2004.

Galen Beaufort, City Attorney, Theodore T. Anderson, Assistant City Attorney, Kansas City, for respondent.

Robert L. Woodson, Kansas City, pro se.

Before EDWIN H. SMITH, P.J., and SPINDEN and HARDWICK, JJ.

EDWIN H. SMITH, Presiding Judge.

Robert Woodson appeals from the summary judgment of the Circuit Court of Jackson County for the respondent, the City of Kansas City, Missouri, on its "Petition for Recovery of Personal Debt and to Enforce Lien of Special Tax Bill (Y2/YM)." In its petition, the City sought reimbursement for costs it incurred in demolishing three dangerous structures located on the appellant's property at 3257 Gillham Road, Kansas City, Jackson County, Missouri.

The appellant raises three points on appeal. In Points I and II, he claims that the trial court erred in overruling his motions to dismiss for failure to make a "submissible case" and for failure to state a claim upon which relief could be granted. In Point III, he claims that the trial court erred in granting the respondent's motion for summary judgment.

Because we find that there is not a final and appealable judgment, we dismiss for a lack of jurisdiction.

### Facts

The appellant and his wife, Frances, are now, and at all pertinent times were, the owners of record of property located at 3257 Gillham Road, Kansas City, Jackson County, Missouri. Until May 1997, three structures were located on that property: a detached outbuilding, described as a garage; a residential building described as a house; and a commercial building. On November 4, 1994, the City issued a demolition order concerning the appellant's property. The order provided, *inter alia,* that: "It is therefore ordered that the structure be VACATED and DEMOLISHED within (30) days of the date of this order." In ordering the structures demolished, the order found:

> Defects found which relate to those defined in Section 20.127(a)1 through 20 of the Property Maintenance Code, are attached as Exhibit A. The building or structure is a nuisance and is detrimental to the health, safety, or welfare of the residents of this city, and is unsafe for occupancy. The building is damaged, decayed, or deteriorated to a degree that it is not feasible to repair.

Exhibit A listed defects found with respect to the "house" and "garage," but no de-

fects were listed regarding the commercial building.

The appellant timely appealed the demolition order to the City's Property Maintenance Appeals Board; however, he received no relief. Thereafter, he sought judicial review, in the Circuit Court of Jackson County, of the Board's decision upholding the demolition order. On May 12, 1997, the circuit court upheld the order. No further appeals were taken.

Demolition of the structures began on or about May 16, 1997. By May 22, 1997, demolition was complete, with all three structures being demolished. On July 18, 1997, the City attempted to issue the appellant a personal debt bill for the costs of the demolition. However, due to a clerical error, the bill was issued to the owners of 3257 Gillham Plaza, rather than 3257 Gillham Road. Two years later, on July 18, 1999, a personal debt bill was finally issued to the appellant for $9,895.

On July 14, 2000, the City filed, in the Circuit Court of Jackson County, its "Petition for Recovery of Personal Debt and to Enforce Lien of Special Tax Bill (Y2/YM)." The petition contained two counts. Count I sought a personal judgment for the demolition costs, whereas Count II sought to enforce a real estate lien for the same costs. The City's cause, Case No. 00–CV–216943, was initially assigned to Division 26, an associate division. On February 5, 2001, the cause was transferred to Division 6, a circuit division.

On September 19, 2000, the City filed a motion for summary judgment on its petition. Subsequently, on February 13, 2001, it filed an amended motion for summary judgment, or in the alternative for partial summary judgment. On March 14, 2002, the appellant filed his suggestions in opposition to the City's motion for summary judgment. Essentially, the crux of the appellant's argument as to why summary judgment was not proper was that the issue of whether the City exceeded its authority under the demolition order was in dispute. In that respect, the appellant argued that the November 4, 1994, demolition order did not grant the City authority to demolish all three structures on the property.

At some point, the exact time of which is unclear from the record, Michael A. LeVota, the Director of Collections for Jackson County, Missouri, filed, in the Circuit Court of Jackson County, a "Delinquent Land Tax Suit, No. K2000–1111," to recover from the appellant the County's expenses regarding the demolition of the structures. On August 3, 2001, the Director filed a motion to consolidate the County's case with Case No. 00–CV–216943, alleging that both cases involved the "same subject matter, i.e. the tax lien on the subject property for demolition of a dangerous building." On August 9, 2001, the Presiding Judge of the 16th Judicial Circuit, the Honorable C. William Kramer, ordered Delinquent Land Tax Suit, No. K2000–1111 "transferred to Division 6 to be consolidated with Case No. 00–CV–216943."

The City's amended motion for summary judgment was heard on July 22, 2002. Before the hearing began, the appellant filed two separate written motions, one of which sought to dismiss the City's petition "as plaintiff does not have a submissible case"; the other sought to dismiss the City's petition for failure to state a claim upon which relief could be granted. After hearing arguments, the trial court entered summary judgment for the City and overruled the appellant's motions to dismiss.

This appeal follows.

## I.

In every case, before addressing the merits of the appeal, we first have to

determine our jurisdiction. *Nicholson Constr. Co. v. Mo. Highway & Transp. Comm'n,* 112 S.W.3d 6, 9 (Mo.App.2003), *citing Comm. for Educ. Equal. v. State,* 878 S.W.2d 446, 450 (Mo. *banc* 1994). Without jurisdiction, we must dismiss the appeal. *Id., citing Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. *banc* 1997). In that regard, the respondent filed a motion to dismiss for a lack of jurisdiction, which was taken with the case, alleging that the summary judgment of the circuit court for the respondent was not a final judgment subject to appellate review. We agree.

■ As a general rule, appellate courts only have jurisdiction over final judgments. *Comm. for Educ. Equal.,* 878 S.W.2d at 450. And, for a judgment to be final and appealable, it must dispose of all claims as to all parties, leaving nothing for future determination. *Nicholson Constr. Co.,* 112 S.W.3d at 10; *Payne v. City of St. Joseph,* 58 S.W.3d 84, 86–87 (Mo.App. 2001). An exception to the rule of what constitutes a final and appealable judgment is found in Rule 74.01(b). *Nicholson Constr. Co.,* 112 S.W.3d at 10; *Payne,* 58 S.W.3d at 87. It provides that in cases of multiple claims or parties, the trial court may certify a judgment for appeal "as to one or more but fewer than all the claims or parties." Rule 74.01(b). However, for early appeal under the rule, the judgment must: (1) dispose of at least one complete claim as to one party; and, (2) include an express determination by the trial court that there is no just reason for delay. Rule 74.01(b); *Nicholson Constr. Co.,* 112 S.W.3d at 10.

As noted in the facts, *supra,* on July 14, 2000, the City filed, in the Circuit Court of Jackson County, its "Petition for Recovery of Personal Debt and to Enforce Lien of Special Tax Bill (Y2/YM)." The City's

cause, Case No. 00–CV–216943, was initially assigned to Division 26, an associate division. On February 5, 2001, the cause was transferred to Division 6, a circuit division. On August 3, 2001, the Director of Collections for Jackson County, Missouri, Michael A. LeVota, filed, in the Circuit Court of Jackson County, a motion to consolidate "Delinquent Land Tax Suit, No. K2000–1111" with Case No. 00–CV–216943, alleging that both cases involved the "same subject matter, i.e. the tax lien on the subject property for demolition of a dangerous building." On August 9, 2001, the Presiding Judge of the 16th Judicial Circuit, the Honorable C. William Kramer, ordered Delinquent Land Tax Suit, No. K2000–1111 "transferred to Division 6 to be *consolidated* with Case No. 00–CV–216943." (Emphasis added.)

■ Rule 66.01(a) provides that "[w]henever several civil actions founded alone upon liquidated demands shall be pending in the same court by the same plaintiff against the same defendant, or whenever several such civil actions are pending in the same court by the same plaintiff against several defendants," the trial court may order them "consolidated into one civil action." While Rule 66.01(a) provides only for consolidation into one civil action, Rule 66.01(b), governing civil actions involving a common question of law or fact, allows such actions to be: (1) joined for "hearing or trial of any or all the matters in issue in the civil actions"; or (2) "consolidated." And, while civil actions, joined solely for trial, remain separate with respect to docket entries, verdicts, judgments, and all aspects except trial, civil actions consolidated into one civil action do not.[1] *Moss v. Home Depot USA, Inc.,* 988 S.W.2d 627, 630 (Mo.App.1999).

---

**1.** While *Moss* refers to both joinder for trial and consolidation as "consolidation," Rule 66.01(b), by its express terms distinguishes between the two.

■ Here, the trial court expressly ordered Case No. 00–CV–216943 and Delinquent Land Tax Suit, No. K2000–1111 "consolidated" as involving the "same subject matter" in Division 6 of the Circuit Court of Jackson County, not simply joined for trial. In sustaining the County's motion to consolidate, the two civil actions were consolidated into one action. *State ex rel. Keeling v. Randall,* 386 S.W.2d 67, 68 (Mo. *banc* 1964); *State v. McLaughlin,* 318 S.W.2d 181, 185 (Mo. *banc* 1958); *Reed v. Reed,* 803 S.W.2d 181, 182 (Mo.App.1991). There is nothing in the record to suggest otherwise. Thus, for a judgment to be final in this case, it had to dispose of both the City's and County's claims against the appellant, or, in the event it disposed of only one of the claims, it had to be certified for early appeal, as provided in Rule 74.01(b).

On February 13, 2002, the City filed an amended motion for summary judgment, or in the alternative for partial summary judgment, on its claim against the appellant. On July 22, 2002, that motion was sustained. The appellant appeals from that judgment. The record does not indicate that a summary judgment motion was ever filed by Jackson County on its claim or that the trial court disposed of it in any fashion. And, there is nothing in the trial court's summary judgment for the City certifying it under Rule 74.01(b). Thus, because the judgment from which the appellant appeals does not dispose of all the claims against all the parties in the underlying consolidated civil action and fails to make "an express determination that there is no just reason for delay," the judgment is not final and appealable, and must be dismissed for a lack of jurisdiction. Rule 74.01(b); *Habahbeh v. Beruti,* 100 S.W.3d 851, 852–53 (Mo.App.2003).

### Conclusion

The trial court's summary judgment for the City on its claim against the appellant is not a final and appealable judgment subject to appellate review. Thus, the respondent's motion to dismiss is sustained for a lack of jurisdiction.

SPINDEN and HARDWICK, JJ., concur.