Christopher S. **WOODS, by his Next Friend Lena Woods, Ann Dunnegan and Larry Woods, Plaintiffs–Respondents,**

v.

**Jason R. CORY, as Personal Representative of the Estate of Ronald Murray Cory, Defendant,**

**and**

**U.S. Foodservice, a Corporation, Defendant–Appellant.**

No. 26208.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 2, 2004.

---

Lawrence B. Wittels, Law Office of Lawrence B. Wittels, St. Louis, for appellant.

Elizabeth A. Blaich, Edmundson, Summers, Hopkins & Edmundson, Poplar Bluff, for respondents.

PHILLIP R. GARRISON, Presiding Judge.

U.S. Foodservice ("Appellant") appeals from the order of the Circuit Court of Howell County enforcing a settlement agreement between it and Christopher S. Woods, by his Next Friend Lena Woods, and Lena Woods, Ann Dunnegan, and Larry Woods (referred to collectively as "Respondents"). We dismiss the appeal.

The genesis of this appeal is an automobile accident involving a vehicle driven by Ronald Murray Cory ("Cory") and one driven by Opal Woods in which Christopher S. Woods ("Christopher") was a passenger. The accident occurred on Highway 60 in Carter County, Missouri on February 15, 2001. Opal Woods and Cory died as a result of injuries sustained in the accident and Christopher suffered serious injuries. Christopher, by his Next Friend Lena Woods, filed suit against Jason R. Cory, the Personal Representative of the Estate of Cory, and Appellant, as Cory's employer, for the alleged negligence of Cory in causing the accident. Lena Woods, Ann Dunnegan, and Larry Woods, the surviving children of Opal Woods, also filed suit pursuant to Section 537.080.1(1) [1] against the same parties, for the wrongful death of Opal Woods. Both petitions alleged that Cory was acting within the scope of his employment with Appellant at the time of the accident. The two cases were consolidated by the trial court on September 27, 2001.

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

Appellant eventually moved for a summary judgment in the consolidated cases, contending that there was no genuine issue of fact concerning whether Cory was acting in the scope of his employment with Appellant and that it was entitled to a judgment as a matter of law. That motion was sustained by the trial court, but was later set aside and a judgment entered enforcing a settlement agreement.[2] The enforceability of that settlement agreement is the basis of this appeal.

Though Respondents raise an issue about the timeliness of this appeal, neither party raises an issue about whether the judgment from which this appeal is taken is a final judgment. We are required to consider, *sua sponte*, whether the prerequisite of an appealable final judgment has been met. *American Standard Ins. Co. of Wisconsin v. Bittick*, 112 S.W.3d 55, 56 (Mo.App. W.D.2003).

■ The trial court is required, upon the approval of any settlement in a suit for wrongful death, to enter judgment apportioning the proceeds of the settlement among the persons entitled thereto. Section 537.095.3. In its amended judgment, the trial court enforced a settlement agreement as to both of the consolidated claims, one of which was a claim for damages pursuant to the wrongful death statute. The trial court did not apportion the proceeds of the settlement for the wrongful death claim among the Respondents. There can be no final judgment where the trial court does not apportion the recovery among the Respondents as required by

Section 537.095.3. *Lavender v. State Auto. Mut. Ins. Co.*, 908 S.W.2d 882, 883 (Mo. App. S.D.1995); *see also Kilmer v. Browning*, 806 S.W.2d 75, 85 (Mo.App. S.D.1991). Thus, there is no final judgment as to the wrongful death claim.

■ We also conclude that we do not have before us an appealable judgment relating to Christopher's personal injury claim. As indicated above, the record demonstrates that the wrongful death and the personal injury claims presented here were ordered consolidated by the trial court on September 27, 2001.[3] The basis of that consolidation is reflected in the record here only as "Defendant's Motion." Rule 66.01(b) provides that "[w]hen civil actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the civil actions; it may order all the civil actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

It has been noted that when a trial court employs the term "consolidation," its effect on the separate identity of the actions is not immediately clear. *Moss v. Home Depot USA, Inc.*, 988 S.W.2d 627, 630 (Mo. App. E.D.1999). The *Moss* court also noted that several actions consolidated for trial together remain separate in all aspects except trial, but that the term "consolidation" may also mean the uniting of two or more previously distinct actions into one. *Id.*

In *City of Kansas City v. Woodson*, 130 S.W.3d 7, 11 (Mo.App. W.D.2004), the trial

---

**2.** The respective plaintiffs dismissed the claims against Jason R. Cory, as personal representative of Cory's estate, between the time the summary judgment in favor of Appellant was entered and when it was set aside.

**3.** The trial court, apparently unaware that consolidation had been previously ordered, stated in its amended judgment enforcing the

settlement agreement at issue here that the two cases concern the same subject matter and, although handled as one matter, had not been formally "combined." It proceeded to state that "[f]or the purposes of clarifying the judgment, clerical expedition, issues of appeal, and without objection by counsel, the Court orders [the cases] combined ..."

court ordered two cases "consolidated" as involving the "same subject matter." The court held that, there being nothing in the record to indicate otherwise, the two actions were consolidated into one action, and that for a judgment to be final in the case, it had to either dispose of both of the claims or, if it disposed of only one, it had to be certified for early appeal as provided in Rule 74.01(b). *Id.*

In the instant case, the record before us indicates that the cases were consolidated into one action. The order of consolidation occurred two and one-half months after the cases were filed; the order did not indicate that it was for limited purposes; it appears as if the cases were treated as consolidated during the succeeding two and one-half years prior to the judgment forming the basis of this appeal; and only one notice of appeal was filed that related to both cases. Consequently, even if the judgment as it related to the personal injury claim would otherwise be considered final, because it was consolidated with the wrongful death claim, it was necessary that the trial court make an express determination as to it that there was no just reason for delay. Rule 74.01(b); *Woodson*, 130 S.W.3d at 11. In the absence of that finding here, the judgment appealed from is also not a final and appealable judgment as to the personal injury claim. *Id.*

■ When an appeal is taken from a judgment that is not a final judgment, this court lacks jurisdiction and the appeal must be dismissed. *Hylton v. Standley*, 112 S.W.3d 482, 484 (Mo.App. S.D.2003). Therefore, the appeal is dismissed.

PREWITT, and RAHMEYER, JJ., concur.